## JONES v. STATE.

No. A-11609. April 2, 1952.

(243 P. 2d 362.)

W. H. Cooper, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The plaintiff in error Troy C. Jones, defendant below, was charged in the county court of Caddo county, Oklahoma, by information with the offense of unlawful possession of 174 pints of tax paid whiskey, 48 half pints of tax paid whiskey and 6 1/5 of one gallon of tax paid whiskey with the unlawful intent to barter, sell, give away and otherwise furnish said liquor in violation of the laws of the state of Oklahoma. To said charge he interposed a motion to suppress, which was by the court overruled. He was tried by a jury, convicted and judgment and sentence interposed fixing his punishment at 30 days in jail and a fine of $500 and judgment and sentence entered accordingly, from which this appeal has been perfected.

The contention on the motion to suppress was that there was a variation between the description of the premises to be searched as defined in the affidavit and those described in the search warrant. The affidavit described the property as being, "premises, to-wit, the building, basements, cellars, appurtenances and premises situated and being in Caddo county, State of Oklahoma, on Lot 6, 7, 8, 9, and 10 in Block 17, South College Addition to the city of Anadarko, Caddo county, State of Oklahoma". The search warrant described the premises as being, the home of Troy C. Jones in a certain building described as follows, "a dwelling house situated on Lots 6, 7, 8, 9, 10 in Block 17, South College Addition to the city of Anadarko, Oklahoma, Caddo county, Oklahoma". The evidence in relation to this contention discloses that the house was searched under the warrant, and there were 6 or 8 pints of liquor discovered in the house, or dwelling

of Troy C. Jones, as described in the search warrant. The discovery of this quantity of whiskey in the house was sufficient to sustain the search and seizure thereof under the warrant, and to sustain the arrest of the defendant, who was in the house at the time. The search of the garage, where the balance of the liquor was found, incident to defendant's arrest, was also valid. On the trial of the case, in addition to the above and foregoing evidence offered on the motion to suppress, the record further discloses that the defendant was in possession of a current federal retail liquor dealer's license. Moreover, the defendant admitted that he had been engaged in the whiskey business. His defense was that he had gone out of the whiskey business and was going to deliver the undisposed of liquor back to the wholesale bootlegger, one Kurley Hunter, the night of the search and seizure, in the city of Chickasha, Oklahoma. This defense is so weak as to not even command serious entertainment. It is apparent upon the record herewith presented that no fundamental error was committed in the trial of this cause denying the defendant any of his constitutional or statutory rights. The judgment and sentence herein imposed is accordingly affirmed.

JONES and POWELL, JJ., concur.